No. 1746.—Anatole Cousin v. Abat, Generes & Co.

Abat, Generes & Co., commission merchants in the city of New Orleans, received, in 1862, of Anatole Cousin, a customer of theirs, the sum of $16,715 in notes of the so-called Confederate States, to be invested in city bonds and notes secured by mortgage. The notes were invested in bonds of the city, known as Defense Bonds, which were redeemable in the same kind of currency. Cousin brings suit for the amount thus delivered. Held—That the entire transaction being in Confederate notes was illegal and null. 19 An. 161, 288, 359; Constitution of 1868, article 127.

The organization known as the Confederate States never reached the dignity of a de facto government. Stewart v. Smith, ante page 67.

The order of Major General Butler compelling the holders of City Defense Bonds to pay a certain per cent. thereof for the benefit of the poor of New Orleans, was punitory, and no action lies to recover the amount of such assessment.

APPEAL from the Second District Court of New Orleans. Thomas, J. J. Ad. Rozier, for plaintiff and appellant. Cyprien Dufour, for defendants and appellees.

Howe, J. The evidence in this case satisfies us that the plaintiff delivered to the defendants' firm a sum of Confederate money to be invested; and the latter invested it, with the exception of a small portion, tendered in court, in bonds of the city of New Orleans payable in the same currency.

Under such circumstances, we are of opinion that the court a qua properly rejected the demand of the plaintiff. Hunly v. Scott, 19 An. 161; King v. Huston, 19 An. 288; McCracken v. Poole, 19 An. 359; Norton v. Dawson, 19 An. 464.

The plaintiff, appellant, has filed in this court an assignment of errors, in which he alleges that the proceedings and judgment of the lower court are manifestly erroneous in this, that the one hundred and twenty-seventh article of the Constitution of 1868 is repugnant to article 1, section 10 of the Constitution of the United States, which forbids the passage by a State of a law impairing the obligation of contracts. We presume this assignment was made through inadvertence. The judgment appealed from was rendered in July, 1867, before the Constitution of 1868 was framed, and long before it was adopted.

The other points raised by the appellant, that the Confederate States were a government de facto, and that obligations like those in suit in this case, founded on the use and circulation of Confederate treasury notes, should be enforced by our courts, have already been settled adversely to his views by numerous decisions. See Smith v. Stewart, 21 An. page 67, and the cases above cited. We think the subject is one to which the rule of stare decisis is justly applicable, and we must therefore decline to reopen the controversy.

We are of opinion that the judge a quo did not err in dismissing the reconventional demand of the defendants. They were compelled by Major General Butler to pay for the support of the poor of New Orleans a certain per centage upon the amount of "City Defense Bonds" to which they had subscribed. They claim to have thus paid $4000

89

for account of the plaintiff, upon the sixteen bonds for $1000 each, in which they had invested his Confederate notes. We apprehend that the action of the commanding general was punitory, and that the payment by defendants in expiation of an offense, cannot give them any claim against the plaintiff.

For the reasons given it is ordered and adjudged that the judgment appealed from be affirmed with costs.

Rehearing refused.